# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dylan James Stellick,                                    Case No. 21-CV-2016 (PAM/JFD)

                            Petitioner,

v.                                                    **REPORT AND RECOMMENDATION**

DOC Minnesota, Hennepin County,

                            Respondent.

On September 24, 2021, this Court ordered Petitioner Dylan James Stellick to show cause why his petition for a writ of habeas corpus should not be dismissed for failure to exhaust available remedies in the state courts. (Dkt. No. 4.) Stellick was given 30 days in which to respond to the order to show cause, failing which, he was warned, the Court would recommend that this action be dismissed without prejudice both for failure to exhaust state remedies and for failure to prosecute. (*See id*. (citing Fed. R. Civ. P. 41(b)).)

That deadline has now passed, and Stellick has not responded to the order to show cause. In fact, Stellick has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, consistent with the explanation set forth in the order to show cause, that the habeas petition be denied and this matter dismissed without prejudice for failure to exhaust available state-court remedies. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Alternatively, this matter may be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See*

1

*Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). Because the Court recommends that this matter be dismissed, it is further recommended that Stellick's application to proceed *in forma pauperis* (Dkt. No. 2) be denied. *Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). And, finally, the Court recommends that no certificate of appealability issue in this matter. *See* 28 U.S.C. § 2253(c).

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner James Stellick (Dkt. No. 1) be **DENIED WITHOUT PREJUDICE** for failure to exhaust state remedies;

2. This matter be **DISMISSED WITHOUT PREJUDICE**;

3. Stellick's application to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED**;

4. No certificate of appealability be issued; and

5. **JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 1, 2021                    _____*s/ John F. Docherty*_____
                                           John F. Docherty
                                           United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).